UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
APR - 1 2014
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

| | |
|---|---|
| **JONATHAN GIANNONE** <br> ~~Post Office Box 528~~ 88 Wright Road <br> Rockville Centre, New York 11570 <br><br> **Plaintiff,** <br><br><br><br> **EXECUTIVE OFFICE OF UNITED STATES ATTORNEYS** <br> 600 E Street, N.W. <br> Suite 7300, Bicentennial Building <br> Washington, DC 20530-0001 <br><br> **Defendant.** | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case: 1:14-cv-00542 <br> ) Assigned To : Walton, Reggie B. <br> ) Assign. Date : 4/1/2014 <br> ) Description: FOIA/PRIVACY ACT <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT FOR INJUNCTIVE RELIEF

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for injunctive and other appropriate relief, seeking the release of agency records requested by Jonathan Giannone ("Giannone") from the Executive Office of United States Attorneys ("EOUSA") of the U.S. Department of Justice ("DOJ").

2. This lawsuit challenges the failure of the EOUSA to disclose documents in response to Giannone's October 8, 2013, Freedom of Information Act request ("FOIA Request"). Giannone's FOIA Request sought records pertaining to his criminal prosecution in the District of South Carolina by former Assistant U.S. Attorney Dean A. Eichelberger. Giannone has exhausted his administrative remedies. Giannone asks the Court to order immediate disclosure of all responsive records.



1

## Jurisdiction and Venue

3. This Court has subject matter over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(A)(vii), 5 U.S.C. § 552(a)(4)(B), and 5 U.S.C. § 552(a)(6)(C)(i). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331. Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B).

## Parties

4. Plaintiff is an individual seeking records pertaining to his own criminal prosecution that took place in the district of South Carolina between May 2005 and April 2011.

5. Defendant EOUSA is a federal agency within the meaning of 5 U.S.C. § 552(f)(1). EOUSA is a component of the U.S. Department of Justice, headquartered in Washington, DC.

## Facts

6. On August 14, 2006 a criminal complaint alleging wire fraud was filed against the Plaintiff in the district of South Carolina by AUSA Dean A. Eichelberger.

7. On August 16, 2006 pursuant to an arrest warrant issued in the district of South Carolina, Plaintiff was arrested and brought before a magistrate judge.

8. On September 20, 2006 an indictment was returned against the Plaintiff.

9. On March 5, 2007 after a not guilty plea was entered the case against the Plaintiff proceeded to trial.

10. On March 8, 2007 a jury returned a guilty verdict on all counts of the indictment.

11. On August 22, 2007 the Plaintiff was sentenced to 65 months imprisonment and three years' supervised release. A notice of appeal was immediately filed by counsel.

12. On January 7, 2010 the Fourth Circuit affirmed Plaintiff's conviction and vacated his sentence and remanded for resentencing without a two-level enhancement under U.S.S.G. § 2B1.1(b)(10). See United States v. Giannone, 360 Fed. Appx. 473 (4th Cir. 2010)

13. On March 23, 2010 Plaintiff was resentenced to fifty seven months imprisonment and three years' supervised release.

14. On June 14, 2010 The Supreme Court of the United States denied Plaintiff's Petition for a Writ of Certiorari. See Giannone v. United States, 560 U.S. 973 (2010)

15. On September 3, 2010 Plaintiff filed a Motion to Vacate, Set aside or Correct Sentence under 28 U.S.C. § 2255.

16. On April 26, 2011, Plaintiff's motion was denied by the Honorable Cameron McGowan Currie. See United States v. Giannone, 2011 U.S. Dist. LEXIS 45453

17. On November 14, 2011, the Fourth Circuit denied Plaintiff a certificate of appealability and dismissed his appeal. See United States v. Giannone, 453 Fed. Appx. 340 (4th Cir. 2011)

18. On May 21, 2012, the Supreme Court of the United States denied Plaintiff's Motion for a Certificate of Appealability. Giannone v. United States, 132 S. Ct. 2449 (2012).

19. As of May 21st 2012 all post-conviction remedies had been exhausted and no further litigation existed between Plaintiff and the U.S. Attorney's Office in the district of South Carolina.

### **Plaintiff's FOIA Request**

20. Paragraphs 1-19 above are hereby incorporated by reference as if set forth fully herein.

21. On October 8, 2013 Plaintiff submitted his FOIA request to the EOUSA via the U.S. Department of Justice's eFOIA portal website[1].

---

[1] http://www.justice.gov/oip/efoia-portal.html

22. Plaintiff's FOIA request sought all records pertaining to the investigation and prosecution of his case under docket no 3:06-cr-01011-cmc maintained by the U.S. Attorney's office in the district of South Carolina.

23. Plaintiff's FOIA request was received by the Office of Information Policy during the government shutdown of October 1 through October 16, 2013 and the request was not opened by that office until October 17, 2013.

24. On November 1, 2013 Plaintiff received a letter from the Office of Information Policy assigning case number FOIA-2013-05365 to his FOIA request. This letter stated that his request was routed to the EOUSA for response and processing. See OIP Letter attached hereto as **"Exhibit A"**.

25. On February 19, 2014, Plaintiff sent an email to the EOUSA FOIA general mailbox ('USAEO.FOIA.Requests@usdoj.gov) inquiring of the status of his October 2013 request. See Plaintiff's February 19, 2014 email attached hereto as **"Exhibit B"**.

26. Also on February 19, 2014, Plaintiff forwarded the aforesaid email to Susan B. Gerson (susan.gerson@usdoj.gov), Acting Assistant Director , FOIA/Privacy Unit Executive Office for United States Attorneys. See Plaintiff's forwarded email to Susan B. Gerson attached hereto as **"Exhibit C"**.

27. Plaintiff received no response to the aforesaid emails sent to the FOIA general mailbox and the Assistant Directors Gerson's email.

28. On February 24, 2014, Plaintiff sent a letter to the EOUSA and Susan B. Gerson via USPS Certified Mail (Article Number 7013 1710 0001 9399 8962) and via email. This letter advised EOUSA of its statutory duties to respond to Plaintiff's FOIA request as set forth in 5 U.S.C. § 552(a)(6)(A)(ii) and (a)(6)(E)(iii). The letter further warned of judicial action being

taken if a response is not received by March 6, 2014. See Plaintiff's February 24, 2014 letter to EOUSA attached hereto as **"Exhibit D"**.

29. According to publically available information from the U.S. Postal Service website, EOUSA received Plaintiff's February 24th letter on March 4, 2014. See USPS Tracking Results attached hereto as **"Exhibit E"**.

30. As of this writing Plaintiff has not received any communication from the EOUSA pertaining to his FOIA request.

31. It has been 101 business days since Plaintiff's FOIA request was received by EOUSA.

32. EOUSA has failed to respond to Plaintiff's FOIA request within the time period prescribed by 5 U.S.C. § 552(a)(6)(A)(ii) and (a)(E)(iii).

33. EOUSA's failure to respond within the statutory limits violates the FOIA.

## Count I
## Violation of FOIA: Failure to Comply With statutory Deadlines

34. Paragraphs 1-33 above are hereby incorporated by reference as if set forth fully herein.

35. As described above, Defendant EOUSA's failure to respond to Plaintiff's Request violated the statutory deadline imposed by the FOIA set forth in 5 U.S.C. § 552(a)(6)(A)(ii) and (a)(6)(E)(iii).

36. Plaintiff has exhausted the applicable administrative remedies with respect to his FOIA Request. 5 U.S.C. § 552(a)(4)(B).

37. Plaintiff is entitled to injunctive relief compelling the immediate disclosure of the requested agency records.

## Count II
## Violation of FOIA: Unlawful Withholding of Agency Records

38. Paragraphs 1-37 above are hereby incorporated by reference as if set forth fully herein.

39. As described above, EOUSA has failed to comply with statutory deadlines and failed to make responsive records available to Plaintiff.

40. As a result of EOUSA's unlawful delay, Plaintiff has been denied access to responsive agency records to which the parties are lawfully entitled under the FOIA, 5 U.S.C § 552(a)(3)(A).

41. Plaintiff has exhausted the applicable administrative remedies with respect to EOUSA's FOIA request. 5 U.S.C. § 552(a)(4)(B).

42. Plaintiff is entitled to injunctive relief compelling the release and disclosure of the requested agency records.

### Requested Relief

WHEREFORE, Plaintiff prays that this Court:

A. order Defendant to promptly immediately process responsive agency records;

B. order Defendant to disclose all responsive agency records in their entirety and make copies available to Plaintiff

C. award Plaintiff its cost and reasonable attorneys' fees incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

D. grant such other relief as the Court may deem just and proper.

Respectfully submitted,

Jonathan Giannone *"pro se"*
Post Office Box 528
Rockville Centre, New York 11571
jgiannone1@selectemail.net

Dated: April 1, 2014

6