UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JONATHAN GIANNONE ) | |
| ) | |
| Plaintiff ) | |
| ) | Civil Action No. 14-0542 (RMC) |
| v. ) | (ECF) |
| ) | |
| EXECUTIVE OFF. OF THE U.S. ATT'Y ) | |
| ) | |
| Defendant. ) | |

## ANSWER

The Executive Office of the United States Attorneys ("Defendant"), by and through the undersigned counsel, respectfully submits this Answer to the Complaint filed by Jonathan Giannone ("Plaintiff") purportedly pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. Section 552, *et seq*.

Thus, Defendant hereby Answers Plaintiff's Complaint upon information and belief as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff failed to exhaust administrative remedies.

### THIRD DEFENSE

Defendant's actions did not violate FOIA and the records at issue are exempt or excluded from disclosure under same.

1

## FOURTH DEFENSE

Defendant answers the individually number paragraphs of the Complaint as follows:

1.      This paragraph contains Plaintiff's characterization of this action and not averments of fact to which a response is required.   To the extent a response is deemed required, Defendant respectfully refers the Court to the cited material for a full and accurate statement of its contents and denies any characterization that is inconsistent therewith.   Defendant admits that this action is brought under FOIA.

2.      This paragraph contains Plaintiff's characterization of this action and not averments of fact to which a response is required.   To the extent a response is deemed required, Defendant acknowledges a letter dated October 8, 2013, but Defendant denies that Plaintiff's characterization of the document represents the full and accurate contents of the document; instead, Defendant respectfully directs the Court to the referenced document for a complete and accurate statement of its contents.   The third sentence contains conclusions of law to which no response is required.   To the extent a response is deemed required, it is denied. The fourth sentence contains Plaintiff's request for relief to which no response is required.   To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the relief requested or any other relief.

## JURISDICTION AND VENUE

3.      This paragraph contains legal conclusions, not factual allegations requiring a response.

## PARTIES

4.      Defendant is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

5. This paragraph contains Plaintiff's characterization of Defendant and not averments of fact to which a response is required. To the extent that a response is deemed required, Defendant admits that it is an agency of the United States government.

## FACTS

6 -19. These paragraphs contain Plaintiff's characterization of his criminal action to which no response is required. To the extent that a response is deemed required, Defendant is without knowledge or information sufficient to form a belief as to these paragraphs.

## PLAINTIFF'S FOIA REQUEST

20. For this paragraph, Defendant incorporates its responses to paragraphs 1 through 19 as if fully state herein.

21. Defendant acknowledges a letter dated October 8, 2013, but Defendant denies that Plaintiff's characterization of the document represents the full and accurate contents of the document; instead, Defendant respectfully directs the Court to the referenced document for a complete and accurate statement of its contents.

22. Defendant acknowledges a letter dated October 8, 2013, but denies that Plaintiff's characterization of the document represents the full and accurate contents of the document; instead, Defendant respectfully directs the Court to the referenced document for a complete and accurate statement of its contents.

23. Defendant is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

24. Defendant is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

25. Defendant acknowledges a February 19, 2014 email, but denies that Plaintiff's characterization of the document represents the full and accurate contents of the document; instead, Defendant respectfully directs the Court to the referenced document for a complete and accurate statement of its contents.

26. Defendant is without knowledge or information sufficient to form a belief as to this paragraph.

27. Defendant is without knowledge or information sufficient to form a belief as to this paragraph.

28. Defendant acknowledges a February 24, 2014 letter, but denies that Plaintiff's characterizations of the document represent the full and accurate contents of the document; instead, Defendant respectfully directs the Court to the referenced document for a complete and accurate statement of its contents.

29. Defendant is without knowledge or information sufficient to form a belief as to this paragraph.

30. Defendant avers that Plaintiff's FOIA request is a duplicate of Plaintiff's 2008 FOIA request, to which EOUSA responded to Plaintiff.

31. Defendant is without knowledge or information sufficient to form a belief as to this paragraph.

32. This paragraph contains conclusions of law to which no response is required.   To the extent that a response is deemed required, Defendant denies the allegations in this paragraph.

33. This paragraph contains conclusions of law to which no response is required. To the extent that a response is deemed required, deny the allegations in this paragraph.

## COUNT I VIOLATION OF FOIA; FAILURE TO COMPLY WITH FOIA DEADLINES

34.     For this paragraph, Defendant incorporates its responses to paragraphs 1 through 33 as if fully state herein.

35.     This paragraph contains conclusions of law to which no response is required.   To the extent that a response is deemed required, Defendant denies the allegations in this paragraph.

36.     This paragraph contains conclusions of law to which no response is required.   To the extent that a response is deemed required, Defendant denies the allegations in this paragraph.

37.     This paragraph contains conclusions of law to which no response is required. To the extent that a response is deemed required, Defendant denies the allegations in this paragraph.

## COUNT II VIOLATION OF FOIA: UNLAWFUL WITHHOLDING OF AGENCY RECORDS

38.     For this paragraph, Defendant incorporates its responses to paragraphs 1 through 37 as if fully state herein.

39.     This paragraph contains conclusions of law to which no response is required. To the extent that a response is deemed required, Defendant denies the allegations in this paragraph.

40.     This paragraph contains conclusions of law to which no response is required.   To the extent that a response is deemed required, Defendant denies the allegations in this paragraph.

41.     This paragraph contains conclusions of law to which no response is required.   To the extent that a response is deemed required, Defendant denies the allegations in this paragraph.

42.     This paragraph contains conclusions of law to which no response is required.   To the extent that a response is deemed required, deny the allegations in this paragraph.

## REQUESTED RELIEF

The "WHEREFORE" paragraph contains a Prayer for Relief to which no response is required.   To the extent that a response is deemed required, Defendant denies that Plaintiff is

entitled to the relief Requested or to any other relief.   Except to the extent expressly admitted or qualified above, Defendant denies each and every allegation in the Complaint.

WHEREFORE, Defendant prays for an Order:

(1) denying Plaintiff's request for relief;

(2) dismissing Plaintiff's Complaint with prejudice; and

(3) for such other and further relief as the Court deems just and proper.

November 21, 2014                               Respectfully submitted,


                                                RONALD C. MACHEN JR, D.C. BAR # 447889
                                                United States Attorney
                                                for the District of Columbia

                                                DANIEL F. VAN HORN, D.C. Bar # 924092
                                                Civil Chief

                                                By:      /s/
                                                KENNETH ADEBONOJO
                                                Assistant United States Attorney
                                                Judiciary Center Building
                                                555 4th Street, N.W. – Civil Division
                                                Washington, D.C.  20530
                                                (202) 252-2562

## **CERTIFICATE OF SERVICE**

I certify that I caused a copy of the foregoing Defendant's Answer to be served upon

Plaintiff on this 21st day of November, 2014 at the address below:

Jonathan Giannone
P.O. Box 528
Rockville Centre, NY 11571

/s/
KENNETH ADEBONOJO
Assistant United States Attorney